SHEPPARD MULLIN RICHTER & HAMPTON LLP
Scott R. Miller (SBN 112656)
SMiller@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.617.4177
Facsimile: 213.443.2817

BRINKS GILSON & LIONE
William H. Frankel (admitted *pro hac vice*)
wfrankel@brinksgilson.com
Robert S. Mallin (admitted *pro hac vice*)
rmallin@brinksgilson.com
Charles M. McMahon (admitted *pro hac vice*)
cmcmahon@brinksgilson.com
Hersh H. Mehta (admitted *pro hac vice*)
hmehta@brinksgilson.com
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Attorneys for Defendants
ZTE CORPORATION and ZTE (USA) INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>Plaintiffs<br><br>v.<br><br>ZTE CORPORATION, et al.,<br><br>Defendants. | Case No. 3:12-cv-03876-VC (PSG)<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: May 19, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 5 – 4th Floor<br>Judge: Hon. Paul S. Grewal |

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>Plaintiffs<br><br>v.<br><br>BARNES & NOBLE, INC.,<br><br>Defendants. | Case No. 3:12-cv-03863-VC (PSG) |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>Plaintiffs<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Defendants. | Case No. 3:12-cv-03865-VC (PSG) |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>Plaintiffs<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Case No. 3:12-cv-03877-VC (PSG) |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>Plaintiffs<br><br>v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>Defendants. | Case No. 3:12-cv-03880-VC (PSG) |

Under governing Federal Circuit law, claim 1 is invalid because it requires that an apparatus "*comprises*" a method step. Plaintiffs' contrary arguments lack merit.

**I.  Plaintiffs fail to confront the claim requirement that the apparatus "comprises" a method step.**

The claim language most relevant to this indefiniteness analysis is "wherein the means . . . *comprises* supplying." The terms "wherein" and "comprises" are crucial to this analysis. The term "wherein" introduces a further limitation to the previously recited "means for fetching" limitation, and that further limitation requires that the "means" apparatus "comprises" the method step of "supplying." Plaintiffs' opposition completely fails to address the term "wherein" and hastily concludes in one sentence that "comprises" does not alter the indefiniteness analysis. (Pl. Opp. at 7:20-21.) But the words "wherein" and "comprises" make all the difference here because, when they are accounted for, the final paragraph of claim 1 requires an apparatus that "comprises" a method step. Claim 1 does *not* say "means for fetching . . . supplying." Such language would be similar to the *Radware* language that the Court found definite. Instead, claim 1 says "means for fetching . . . *comprises* supplying," which requires that an apparatus "means" *comprises* a "supplying" step—in violation of *Rembrandt*'s holding that "reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2." *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011).

**II.  Plaintiffs improperly recast the "supplying" step as a functional limitation.**

Rather than confront the plain claim language, Plaintiffs recast the "supplying" step as a function of the "means for fetching" limitation. (Pl. Opp. at 1:2-5.) But that requires rewriting the claim language in violation of *Chef America* and *Rembrandt*. Claim 1 recites "wherein the means for fetching instructions . . . comprises supplying the multiple sequential instructions in parallel to said instruction register during the same memory cycle in which the multiple sequential instructions are fetched." This claim language requires that the *means* itself—not its "fetching" function— "comprises" the "supplying" method step. Plaintiffs cannot reach their interpretation without rewriting this plain claim language, for example, as shown below:

1. A microprocessor system, comprising . . .

   means connected to said bus for fetching instructions . . .

   wherein . . .

   the means for fetching instructions . . . ~~comprises~~ *are configured for* supplying the multiple sequential instructions in parallel to said instruction register during the same memory cycle in which the multiple sequential instructions are fetched.

Indeed, this is precisely what Plaintiffs urge the Court to do in their opposition at page 7, lines 11-13. This rewrite marks the fundamental difference between improperly reciting a method step using "comprises" as actually claimed versus reciting a functional limitation using "are configured for" as Plaintiffs now desire. But Plaintiffs may not rewrite the claim at this stage, not even to preserve its validity. (*See* Def. Br. at 4:17-5:4 (citing and quoting *Chef Am.*, 358 F.3d at 1374; *Rembrandt Data Techs.*, 641 F.3d at 1340; *InterDigital Commc'ns*, 2014 U.S. Dist. LEXIS 55518, at \*\*12-14).)

### III. The file history cannot cure the indefiniteness of claim 1.

Plaintiffs argue that the file history "confirm[s] that the 'supplying' language of claim 1 is not an affirmative step." (Pl. Opp. at 6:21-23.) But Plaintiffs' reliance on the file history is misplaced. The claim must be examined "as written, not as the patentees wish they had written it."[1] *Chef Am.*, 358 F.3d at 1374. As written, claim 1 plainly requires that the "means for fetching" apparatus "comprises" a "supplying" method step.[2] Thus, the file history cannot operate to eliminate express claim language in an attempt to cure claim indefiniteness.

*Chef America* makes this clear. In *Chef America*, the limitation at issue was "heating the resulting batter-coated dough *to* a temperature in the range of about 400° F. to 850° F." *Id.* at 1373 (emphasis added). This limitation was nonsensical because the dough would be "burned to a crisp" if

---

[1] Contrary to Plaintiffs' suggestion (Pl. Opp. at 3 n.2), Defendants' motion does not require consideration of materials outside the pleadings. The plain claim language alone determines this purely legal issue. *See Rembrandt Data Techs.*, 641 F.3d at 1339. Because this legal issue is ripe for resolution, the Court should invalidate claim 1 at this stage of the case to conserve judicial and party resources. (*See* Def. Br. at 5:5-14.)

[2] Plaintiffs recognize that "*IPXL* stands for the proposition that a single claim may not claim a system independent of its use and simultaneously claim use of that system." (Pl. Opp. at 4:3-4.) The claim language at issue does exactly that. It claims a "means for fetching" apparatus and simultaneously requires that the "means" apparatus "comprises" the "supplying" step.

it were heated *to* the temperatures recited in the claim. *Id*. In declining to rewrite the claim as urged by the patentee (heating the dough *at* the recited temperature, *id*.), the Federal Circuit did not try to divine from the file history the patentee's intent in selecting "to" over "at." *Id.* at 1375. Instead, the court's review of the file history indicated that the "to" limitation was added by amendment, and that the patentees could have modeled the amendment on existing language in the specification that described the heating process using the word "at." *Id.* The Federal Circuit found that those circumstances indicated that the patentee "consciously selected 'to' rather than 'at.'" *Id.* Similarly, when amending the claims during reexamination here, the Plaintiff could have selected the existing "configured and connected to" language recited earlier in claim 1 at column 1, lines 35-37. Instead, the Plaintiffs chose the different claim requirement that the means for fetching "*comprises*" supplying. As in *Chef America*, the chosen claim language alone controls this analysis.

*Rembrandt* also stands for the proposition that the file history is not germane to this analysis. In *Rembrandt*, the Federal Circuit invalidated a mixed method/apparatus claim based on the plain claim language alone, recognizing that "courts may not redraft claims, whether to make them operable or to sustain their validity." *Rembrandt Data Techs.*, 641 F.3d at 1339. The *Rembrandt* court found that even if the file history suggests a different interpretation of the claims, a court cannot correct a patent if the correction is "subject to reasonable debate based on the consideration of the claim language and the specification." *Id.* Here, the claim language is clear—the apparatus "comprises" a method step. But even if there were a reasonable dispute based on the claim language, it would be improper to correct the claim defect under *Rembrandt*.

Moreover, the file history does not even support Plaintiffs' argument that the "supplying" language is "functional language describing the configuration of the 'means for fetching.'" (Pl. Opp at 6:23-25.) The examiner never characterized the "supplying" language as Plaintiffs represent. Instead, the examiner was addressing an obviousness rejection and stated that the "supplying" limitation "is seen to clarify *the function of the current invention*, which is not expressly described in the closest cited prior art of the T414 Data Sheet, the May '948 reference, MacGregor, or Koopman." (Pl. Opp., Ex. A at 8 (emphasis added).) Omitting most of that sentence from their brief, Plaintiffs focus on the word "function" and argue that the examiner was referring to

"functional language." (*See* Pl. Opp. at 6:19-20.) But, in context, it is clear that the examiner's usage of "function" does not refer to functional language. Rather, it states that the "supplying" limitation "is seen to clarify the function [*i.e.*, the purpose] of *the invention*" in a way that distinguishes it over the closest cited prior art. Nor did the examiner tie the "supplying" language to the "means for fetching" limitation as Plaintiffs argue, but instead tied it to the "current invention." Because the examiner's statement says nothing about functional language, the "means for fetching" limitation, or the "comprises" language, it does not bear on this analysis.

## IV. *Radware* and *GPNE* are inapposite.

The language of claim 1 is significantly different from the language of the claims at issue in *Radware* and *GPNE*. As explained in Defendants' opening brief, the *Radware* claim recites an apparatus immediately followed by a clause beginning with a gerund, making it clear that the clause is functional language rather than a method step. (Def. Br. at 3:21-4:16.) Claim 1, by contrast, recites that an apparatus "*comprises*" a method step—which is improper under *Rembrandt*. (*Id.*)

The claim language at issue in *GPNE* is even more different from the language at issue here. The *GPNE* court found the following italicized claim language to be a functional limitation:

> 1. A first node in a data network, the data network including a plurality of nodes including a first node, the first node comprising: . . .
>
> an interface controlled by the least one processor to:
>
> *transmit a random access request signal* . . . .

*GPNE Corp. v. Apple Inc.*, Case No. C12-2885, 2013 U.S. Dist. LEXIS 116647, at \*66 (N.D. Cal. Aug. 13, 2013). Unlike claim 1 of the '749 patent, the *GPNE* claim does not use the words "wherein" or "comprises," nor does it include a gerund. Because the *actual* language of claim 1 here is significantly different from the *GPNE* claim, *GPNE* is inapplicable and claim 1 must be construed as actually written.

## CONCLUSION

Because claim 1 is invalid for indefiniteness, Defendants respectfully request that the Court grant this motion in accordance with Rule 12(c) and enter judgment on the pleadings, dismissing Count 1 of the Complaint with prejudice.

| | | |
|---|---|---|
| Dated: May 1, 2015 | | Respectfully submitted, |
| | | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| | | */s/ Scott R. Miller*<br>Scott R. Miller |
| | | BRINKS GILSON & LIONE<br>William H. Frankel<br>Robert S. Mallin<br>Charles M. McMahon<br>Hersh H. Mehta |
| | | Attorneys for Defendants<br>ZTE CORPORATION and ZTE (USA) INC. |
| Dated: May 1, 2015 | | QUINN EMANUEL URQUHART & SULLIVAN |
| | | */s/ David Eiseman*<br>David Eiseman<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600 |
| | | Attorneys for Defendant<br>BARNES & NOBLE, INC. |
| Dated: May 1, 2015 | | STEPTOE & JOHNSON LLP |
| | | */s/ Timothy C. Bickham*<br>Timothy C. Bickham |
| | | Attorneys for Defendants<br>HUAWEI TECHNOLOGIES CO., LTD.,<br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA INC.,<br>FUTUREWEI TECHNOLOGIES, INC., and<br>HUAWEI TECHNOLOGIES USA INC. |
| Dated: May 1, 2015 | | DLA PIPER LLP (US) |
| | | */s/ Aaron Wainscoat*<br>Aaron Wainscoat<br>2000 University Circle<br>East Palo Alto, CA 94303<br>Telephone: (650) 833-2001 |
| | | Attorneys for Defendants<br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC. |

| | | |
|---|---|---|
| Dated: May 1, 2015 | | FISH & RICHARDSON P.C. |
| | | */s/ Olga May*<br>Olga I. May<br>12390 El Camino Real<br>San Diego, CA 92130<br>Telephone: (858) 678-4745 |
| | | Attorneys for Defendants<br>LG ELECTRONICS, INC. and<br>LG ELECTRONICS USA. INC. |