1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12   TECHNOLOGY PROPERTIES LTD. LLC,        Case No.:  3:12-CV-03863-VC
     et al.,
13                        Plaintiffs,        **STIPULATED PROTECTIVE ORDER**
                  v.
14   BARNES & NOBLE, INC.,
                        Defendant.
15

16   _____         Case No. 3:12-cv-03880-VC (PSG)

17   TECHNOLOGY PROPERTIES
     LIMITED LLC, PHOENIX DIGITAL
18   SOLUTIONS LLC, and PATRIOT
     SCIENTIFIC CORPORATION,
19
                         Plaintiffs,
20
              *vs*.
21
     LG ELECTRONICS, INC. and LG
22   ELECTRONICS U.S.A., INC.,
23                       Defendants.

24
25
26
27
28

| | | |
|---|---|---|
| 1 | TECHNOLOGY PROPERTIES LIMITED LLC, PHOENIX DIGITAL SOLUTIONS LLC, and PATRIOT SCIENTIFIC CORPORATION, | Case No.  3:12-cv-03870-VC (PSG) |

TECHNOLOGY PROPERTIES
LIMITED LLC, PHOENIX DIGITAL
SOLUTIONS LLC, and PATRIOT
SCIENTIFIC CORPORATION,

Plaintiffs,

*vs.*

GARMIN LTD., GARMIN
INTERNATIONAL, INC., AND
GARMIN USA, INC.,

Defendants.

Case No.  2:12-cv-03865-VC (PSG)

TECHNOLOGY PROPERTIES
LIMITED LLC, PHOENIX DIGITAL
SOLUTIONS LLC, and PATRIOT
SCIENTIFIC CORPORATION,

Plaintiffs,

*vs.*

HUAWEI TECHNOLOGIES CO., LTD.
and HUAWEI NORTH AMERICA,

Defendants.

Case No. 3:12-cv-03876-VC (PSG)

TECHNOLOGY PROPERTIES
LIMITED LLC, PHOENIX DIGITAL
SOLUTIONS LLC, and PATRIOT
SCIENTIFIC CORPORATION,

Plaintiffs,

*vs.*

ZTE CORPORATION and ZTE (USA)
INC.,

Defendants.

STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

1   TECHNOLOGY PROPERTIES                     Case No.  3:12-cv-03877-VC (PSG)
    LIMITED LLC, PHOENIX DIGITAL
2   SOLUTIONS LLC, and PATRIOT
    SCIENTIFIC CORPORATION,
3
                    Plaintiffs,
4
            *vs*.
5
    SAMSUNG ELECTRONICS CO., LTD.
6   and SAMSUNG ELECTRONICS
    AMERICA, INC.,
7
                    Defendants.
8

9   TECHNOLOGY PROPERTIES                     Case No.  3:12-cv-03881-VC (PSG)
    LIMITED  LLC, PHOENIX DIGITAL
10  SOLUTIONS LLC, and PATRIOT
    SCIENTIFIC CORPORATION,
11                  Plaintiffs,
                        v.
12  NINTENDO CO., LTD. and
    NINTENDO OF AMERICA INC.,
13                  Defendants.

14

15

16  1.      PURPOSES AND LIMITATIONS

17          Disclosure and discovery activity in this Action are likely to involve production of

18  confidential, proprietary, or private information for which special protection from public

19  disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

20  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective

21  Order. The parties acknowledge that this Order does not confer blanket protections on all

22  disclosures or responses to discovery and that the protection it affords extends only to the limited

23  information or items that are entitled under the applicable legal principles to treatment as

24  confidential. The parties further acknowledge, as set forth in Section 12, below, that this

25  Protective Order creates no entitlement to file confidential information under seal; Civil Local

26  Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be

27  applied when a party seeks permission from the Court to file material under seal.

28

1        STIPULATED PROTECTIVE ORDER
                                                              Nos. 3:12-cv-03863, 03865, 03870, 03876,
                                                                       03877, 03880, 03881 (PSG)

2.      DEFINITIONS

2.1      Action: Plaintiffs Technology Properties Ltd., Phoenix Digital Solutions LLC and Patriot Scientific Corporation's (collectively, "TPL") Northern District of California lawsuits filed July 24, 2012, including (a) *Technology Properties Ltd. LLC, et al. v. Barnes & Noble, Inc.*, Case No. 3:12-CV-03863-VC-PDG (N.D. Cal.); (b) *Technology Properties Ltd. LLC, et al. v. Huawei Technologies Co., Ltd., et al.*, Case No. 2:12-CV-03865-VC-PDG (N.D. Cal.); (c) *Technology Properties Ltd. LLC, et al. v. Garmin Ltd., et al.*, Case No. 3:12-CV-03870-VC-PDG (N.D. Cal.); (d) *Technology Properties Ltd. LLC, et al. v. ZTE Corporation, et al.*, Case No. 3:12-CV-03876-VC-PDG (N.D. Cal.); (e) *Technology Properties Ltd. LLC, et al. v. Samsung Electronics Co., Ltd. et al.*, Case No. 3:12-CV-03877-VC-PDG (N.D. Cal.); (f) *Technology Properties Ltd. LLC, et al. v. Novatel Wireless, Inc.*, Case No. 3:12-CV-03879-VC-PDG (N.D. Cal.); (g) *Technology Properties Ltd. LLC, et al. v. LG Electronics, Inc., et al.*, Case No. 3:12-CV-03880-VC-PDG (N.D. Cal.); and (h) *Technology Properties Ltd. LLC, et al. v. Nintendo Co., Ltd., et al.*, Case No. 3:12-CV-03881-VC-PDG (N.D. Cal.).

2.2      Party: any party to this Action, including all of its officers, directors, employees, consultants, trustees, authorized agents, Experts, House Counsel, and Outside Counsel (and their respective support staffs).

2.3      Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4      "Confidential" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c), including information that a Designating Party believes to be of a proprietary business or technical nature and not readily available to competitors, potential competitors, and/or other third parties.

2.5     "Highly Confidential—Outside Attorneys' Eyes Only" Information or Items: extremely sensitive Confidential information or items the disclosure of which to opposing in-house counsel would create a substantial risk of serious injury that could not be avoided by less restrictive means.  Such information shall fall into one or more of the following categories:

     a)  previously non-disclosed current and future business plans or financial information; or

     b)  technical information related to in-process research and development.

2.6     "Highly Confidential—Source Code" Information or Items:  "Highly Confidential—Outside Attorneys' Eyes Only" information or items representing extremely sensitive computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs (including, but not limited to, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any semiconductor device (e.g., a computer chip), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.9     Designating Party: a Party or non-party that designates Disclosure or Discovery Material as "Confidential," "Highly Confidential—Outside Attorneys' Eyes Only," or "Highly Confidential—Source Code."

2.10    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential—Outside Attorneys' Eyes Only," or "Highly Confidential—Source Code."

2.11    Outside Counsel: attorneys of record for a Party in the Action who have appeared in this Action or are affiliated with a law firm which has appeared on behalf of the Party who are

not employees of a Party but who are retained to represent or advise a Party in this Action and who are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984).

2.12    House Counsel:  attorneys who are employees of a Party or of a corporate parent owning 100% of a Party.

2.13    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.14    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; jury consultation services; trial presentation services, etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

WEST\258998654.1

5.      DESIGNATING PROTECTED MATERIAL

        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

        If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

                (a)      for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE"  on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential—Outside Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE") on each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 14 days, after it receives the final, official transcript, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only", or "Highly Confidential – Source Code."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

6      STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

1  shall not in any way affect its designation as "Confidential" or "Highly Confidential – Outside

2  Attorneys' Eyes Only", or "Highly Confidential – Source Code."

3         Transcripts containing Protected Material shall have an obvious legend on the title

4  page that the transcript contains Protected Material, and the title page shall be followed by a list of

5  all pages (including line numbers as appropriate) that have been designated as Protected Material

6  and the level of protection being asserted by the Designating Party. The Designating Party shall

7  inform the court reporter of these requirements. Any transcript that is prepared before the

8  expiration of a 14-day period for designation shall be treated during that period as if it had been

9  designated "Highly Confidential – Outside Attorneys' Eyes Only" in its entirety unless otherwise

10  agreed. After the expiration of that period, the transcript shall be treated only as actually

11  designated.

12         (c)    for information produced in some form other than documentary, and for any

13  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

14  container or containers in which the information or item is stored the legend  "CONFIDENTIAL,"

15  "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY,"  or "HIGHLY

16  CONFIDENTIAL—SOURCE CODE."  If only portions of the information or item warrant

17  protection, the Producing Party, to the extent practicable, shall identify the protected portions,

18  specifying whether they qualify as "Confidential," "Highly Confidential—Outside Attorneys'

19  Eyes Only," or "Highly Confidential—Source Code."

20     5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

21  designate qualified information or items as "Confidential," "Highly Confidential—Outside

22  Attorneys' Eyes Only," or "Highly Confidential—Source Code" does not, standing alone, waive

23  the Designating Party's right to secure protection under this Order for such material. If material is

24  appropriately designated as "Confidential," "Highly Confidential—Outside Attorneys' Eyes

25  Only," or "Highly Confidential—Source Code" after the material was initially produced, the

26  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

27  that the material is treated in accordance with the provisions of this Order.

28

5.4     Materials from Prior Investigation.  This Action is related to a now-completed investigation before the U.S. International Trade Commission (Inv. No. 337-TA-853) (the "Investigation"), during which a protective order was entered and an evidentiary record compiled. The Parties have agreed that the evidentiary record from the Investigation be transferred to this Court pursuant to 28 U.S.C. § 1659(b).  The Parties acknowledge and the Court orders that the instant protective order shall supersede and replace the ITC protective order with respect to the evidentiary record from the Investigation.  Materials from the Investigation shall be treated as follows:

a)     Public materials from the Investigation (those without any confidentiality designation) shall be treated as public materials in this Action.

b)     Confidential materials from the Investigation (those designated as "Confidential Business Information") produced by Technology Properties Ltd., Patriot Scientific Corp., Phoenix Digital Solutions, Barnes and Noble, Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc., Garmin Ltd., Garmin International, Inc., Garmin USA, Inc., Huawei Technologies Co., Ltd., Huawei North America, ZTE Corporation, ZTE (USA) Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Novatel Wireless, Inc., Nintendo Co., Ltd., or Nintendo of America Inc.  shall be treated as "Highly Confidential—Outside Attorneys' Eyes Only" or "Highly Confidential—Source Code," as is appropriate for the content.

Nothing in this paragraph shall prevent any of the parties from seeking an alternate designation for any materials through the process established in Section 6 below.

5.5     To the extent any party has responsive third party confidential information subject to a confidentiality or nondisclosure agreement that restricts the information from being produced in this litigation ("Third Party Confidential Information"), the Producing Party shall (a) timely notify the third party of the Producing Party's obligation to produce the information (but no later than 5 business days after the Producing Party determines that such information is both responsive to a discovery request and subject to a confidentiality agreement), (b) provide the third party with a copy of the Protective Order, and (c) promptly notify the Requesting Party that some or all of the

1   information requested is subject to a confidentiality or nondisclosure agreement that restricts the

2   information from being produced in this litigation.  If the third party timely seeks a protective

3   order within 14 days from being so notified, the Producing Party shall not produce any

4   information in its possession or control that is subject to any confidentiality agreement with the

5   third party before the Court makes a determination.   If the third party fails to seek a protective

6   order within 14 days from being so notified, and if the Producing Party is then permitted to

7   produce the third party's Confidential Information following the 14 day notice period provided

8   herein, the Producing Party shall timely produce that third party's Confidential Information in its

9   possession or control pursuant to the Federal Rules of Civil Procedure (*i.e.*, within the time period

10  provided in the Rules and subject to any objections). Absent a court order to the contrary, the third

11  party shall bear the burden and expense of seeking protection in this Court of its Third Party

12  Confidential Information.  However, nothing in this provision shall restrict or limit the ability of

13  the Requesting Party from seeking an order from this Court compelling the production of such

14  information.  To the extent Third Party Confidential Information discovery or testimony is taken,

15  the third party may designate as "Confidential," "Highly Confidential—Outside Attorneys' Eyes

16  Only," or "Highly Confidential—Source Code"  any documents, information or other material, in

17  whole or in part, produced or given by such third party.

18  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

19          6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's

20  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

21  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

22  waive its right to challenge a confidentiality designation by electing not to mount a challenge

23  promptly after the original designation is disclosed.

24          6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's

25  confidentiality designation must do so in good faith and must begin the process by conferring

26  directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel

27  for the Designating Party. In conferring, the challenging Party must explain the basis for its belief

28

that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's

10

1 designation until the court rules on the challenge.  This Section 6.3 shall apply only to a

2 Designating Party's confidentiality designations made after the execution of this stipulated

3 Protective Order.  Confidentiality designations made prior to the entry of this Order may be

4 challenged only upon a motion brought pursuant to this provision by the Challenging Party.  In

5 addition, no Party may challenge the confidentiality designations of materials originally produced

6 in the 853 ITC Investigation.

7 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

8        7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

9 produced by another Party or by a non-party in connection with this Action only for prosecuting,

10 defending, or attempting to settle this Action.  In addition to the restrictions set forth in Section 13,

11 below (PROSECUTION BAR), no person receiving Protected Material shall use it for commercial

12 or competitive purposes, including any use in the preparation and/or prosecution of any new or

13 pending patent application, continuation, divisional, renewal, substitute, or convention application,

14 or any portion thereof, whether design or utility, whether in the United States or abroad, or make

15 any public disclosure of the contents thereof.

16        Protected Material may be disclosed only to the categories of persons and under the

17 conditions described in this Order. When the Action has been terminated, a Receiving Party must

18 comply with the provisions of Section 14, below (FINAL DISPOSITION).

19        Protected Material must be stored and maintained by a Receiving Party at a location and in

20 a secure manner that ensures that access is limited to the persons authorized under this Order.

21        7.2     Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by

22 the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

23 information or item designated "Confidential" only to:

24             (a)     the Receiving Party's Outside Counsel, as well as employees of said

25 Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

26             (b)     no more than three (3) In-House Counsel or Attorneys (and their support

27 personnel) from each of the parties to whom disclosure is reasonably necessary for this Action,

28

WEST\258998654.1

1   who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A), and as to whom

2   the procedures set forth in Section 7.5, below, have been followed;

3          (c)     Experts (and their support personnel) of the Receiving Party to whom

4   disclosure is reasonably necessary for this Action, who have signed the "Agreement To Be Bound

5   by Protective Order" (Exhibit A), and as to whom the procedures set forth in Section 7.4, below,

6   have been followed;

7          (d)     the Court and its personnel;

8          (e)     court reporters, their staffs, and professional vendors to whom disclosure is

9   reasonably necessary for this Action and who have signed the "Agreement To Be Bound by

10  Protective Order" (Exhibit A);

11         (f)     the author or indicated recipient of the information or item, or an employee

12  of the Designating Party; and

13         (g)     manufacturers, vendors, or suppliers of the component parts identified in

14  Plaintiffs' Infringement Contentions who have signed the "Agreement to Be Bound by Protective

15  Order" (Exhibit A) with respect to "Confidential" information contained within the Infringement

16  Contentions that relates to component parts supplied by that manufacturer, vendor or supplier, and

17  subject to providing a copy of the signed "Agreement to Be Bound by Protective Order" (Exhibit

18  A) to Plaintiffs within 5 business days of any disclosure.

19         7.3     Disclosure of "Highly Confidential—Outside Attorneys' Eyes Only" Information

20  or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party,

21  a Receiving Party may disclose any information or item designated "Highly Confidential—

22  Outside Attorneys' Eyes Only" only to:

23         (a)     the Receiving Party's Outside Counsel, as well as employees of said

24  Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

25         (b)     Experts (and their support personnel) of the Receiving Party (1) to whom

26  disclosure is reasonably necessary for this Action, (2) who have signed the "Agreement To Be

27

28

12          STIPULATED PROTECTIVE ORDER
                                                 Nos. 3:12-cv-03863, 03865, 03870, 03876,
                                                       03877, 03880, 03881 (PSG)

1   Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Section

2   7.4, below, have been followed;

3         (c)    the Court and its personnel;

4         (d)    court reporters, their staffs, and professional vendors to whom disclosure is

5   reasonably necessary for this Action and who have signed the "Agreement To Be Bound by

6   Protective Order" (Exhibit A);

7         (e)    the author or indicated recipient of the document, or an employee of the

8   Designating Party; and

9         (f)    manufacturers, vendors, or suppliers of the component parts identified in

10   Plaintiffs' Infringement Contentions who have signed the "Agreement to Be Bound by Protective

11   Order" (Exhibit A) with respect to "Highly Confidential—Outside Attorneys' Eyes Only"

12   information contained within the Infringement Contentions that relates to component parts

13   supplied by that manufacturer, vendor or supplier, and subject to providing a copy of the signed

14   "Agreement to Be Bound by Protective Order" (Exhibit A) to Plaintiffs within 5 business days of

15   any disclosure.

16       7.4    Procedures for Approving Disclosure of "Confidential," "Highly Confidential—

17   Outside Attorneys' Eyes Only," or "Highly Confidential—Source Code" Information or Items to

18   Experts or House Counsel.

19         (a)    Unless otherwise ordered by the Court or agreed in writing by the

20   Designating Party, a Party that seeks to disclose to an Expert any information or item that has been

21   designated "Confidential," "Highly Confidential—Outside Attorneys' Eyes Only," or "Highly

22   Confidential—Source Code"  first must make a written request to the Designating Party that (1)

23   sets forth the full name of the Expert and the city and state of his or her primary residence, (2)

24   attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4)

25   identifies each person or entity from whom the Expert has received compensation for work in his

26   or her areas of expertise or to whom the Expert has provided professional services at any time

27

28

    STIPULATED PROTECTIVE ORDER
    Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of the court or other body) any dispute resolution proceeding in connection with which the Expert has provided any professional services during the preceding five years.

(b)   Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to a House Counsel any information or item that has been designated "Confidential" first must make a written request to the Designating Party that sets forth the full name of the House Counsel, their title, and their employer.  No more than three House Counsel from each of the parties may be designated at any given time.

(c)   A Party that makes a request and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the identified Expert or House Counsel unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(d)   A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert or House Counsel may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert or House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the efforts made to resolve the matter by agreement (i.e., the extent and the content of the meet

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

14    STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert or House Counsel.

8.     SOURCE CODE

8.1     Protected Material designated as "Highly Confidential—Source Code" shall be subject to all of the protections afforded to "Highly Confidential—Outside Attorneys' Eyes Only" information, and may be disclosed only to the individuals to set forth in Paragraph 7.3.

8.2     Source Code is to be produced as follows:

(a)     The Producing Party shall produce the Source Code and all related files in native format and broken out by version number and, if applicable, product name and/or product model number.  Should the Receiving Party have reason to compile and/or create executables from the Source Code, the Parties shall confer as needed regarding whether compiling such Code or creating such executables can be accommodated and, if so, how.  But no compilation of the Source Code shall be permitted absent written agreement of the parties or further order of the Court made after motion and for good cause.

(b)     The production of a given version of Source Code and related files shall preserve all file names, directory names, and directory structures.

(c)     The Producing Party shall produce Source Code files by making them available electronically on a stand-alone, non-networked computer without Internet access provided by the Producing Party ("the Source Code Computer").  The Source Code Computer shall be produced, stored, and secured at the offices of the Producing Party's Outside Counsel in one of the following four cities:  (1) San Diego, CA; (2) Washington D.C.; (3) Chicago; or (4) Palo Alto/Redwood City, CA,  or such other appropriately secure facility as is mutually agreed upon by the Parties ("the Designated Facility").  The Source Code will be produced on a computer

1   of sufficient quality and speed to adequately access the media which contains the Source Code.  It

2   shall also be equipped with software sufficient to review and search the Source Code.  Any

3   additional software reasonably necessary to review and search the Source Code may be requested

4   by the Receiving Party, and any such additional software that is mutually agreed upon shall be

5   provided for at Receiving Party's expense.

6           (d)     To the extent that total compliance with Paragraphs 8.2(a)-(c) would be

7   infeasible or burdensome for a Producing Party with respect to non-source-code documents or

8   information (*e.g.*, with respect to Source Code management or revision system files), the

9   Producing Party and Receiving Party will discuss solutions wherein the documents or information

10  are produced electronically and reasonably in compliance with Section 8. This Paragraph does not

11  exempt production of Source Code from compliance with Paragraphs 8-2(a)-(c).

12          (e)     Paragraphs 8-2(a)-(c) apply to the extent the source-code document or file

13  related to Source Code is available to the Producing Party in native format. If the document is not

14  available in native format (because, e.g., it is a printout of source code with handwritten remarks),

15  the document may be produced in accordance with the Parties' agreements, and any orders by this

16  Court, regarding other types of documents.

17          8.3     Source Code shall be made available by the Producing Party for inspection by the

18  Receiving Party's Outside Counsel of record in this Action and Experts as specified in Paragraph

19  7.3(b) at a mutually convenient time (that, upon reasonable notice includes evenings and

20  weekends if the Receiving Party pays any additional expenses) at the Designated Facility.  The

21  Source Code Computer and/or external storage media used to store the source code shall be

22  password protected and, at the option of the Producing Party, further protected using PGP or other

23  encryption.  Access to the password(s) or decryption key(s) used to unlock the encrypted media

24  shall be restricted and such password(s) or decryption key(s) shall be stored securely.  If any

25  encryption is used by the Producing Party, the Producing Party will make reasonable efforts to

26  minimize any interference with the Receiving Party's ability to review the Source Code.

27

28
                                                    16          STIPULATED PROTECTIVE ORDER

8.4     The Receiving Party's Outside Counsel of record in this Action and Experts as specified in Paragraph 7.3(b) shall electronically access such "Highly Confidential—Source Code" only from a Source Code Computer, which shall be kept in a locked location (the "Source Code Review Room") at the Designated Facility.  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room, except that cellular telephones may be brought in to the Source Code Review Room and stored in a briefcase or the like away from the Source Code Computer so that the Receiving Party's reviewers can hear if they receive a call (at which point they would have to step outside the Source Code Review Room to take the call).  If feasible, and upon request, the Producing Party shall also provide the Receiving Party a separate breakout room for the Receiving Party's use.  The Receiving Party's Outside Counsel and/or Experts shall be entitled to take notes relating to the Source Code.  The Receiving Party cannot copy Source Code in to any such notes, but can make reference to words, phrases, and the like that appear in the Source Code.

8.5     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code are being created or transmitted in any way.  No video may be made of any activity taking place in the Source Code Review Room, nor shall the monitor be permitted to report on any activities therein other than as may relate to the above-referenced purpose of the monitoring.

8.6     The Producing Party shall maintain a log of all individuals affiliated with the Receiving Party who have accessed the Source Code Computer.  Such log and any information from it shall be inadmissible in this Action except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

8.7     The Receiving Party's Outside Counsel of record in this Action and Experts as specified in Paragraph 7.3(b) may print limited portions of "Highly Confidential—Source Code" as reasonably necessary to facilitate the Receiving Party's furtherance of its claims and defenses in

this case.  The Producing Party must allow printing of paper copies of portions of Source Code and Expert's notes in an amount reasonable under the circumstances.  In the event of a dispute, the Requesting Party may file a motion to compel additional printed portions of Source Code, but until that motion is decided, the Producing Party shall allow printing of up to 10 contiguous pages, up to a total of 100 printed pages, identified by the Receiving Party.  If the Receiving Party believes there is a need to print a contiguous portion of source code exceeding 10 pages in length or more than 100 pages total, the Parties shall meet and confer regarding such need on the day of the inspection, if practicable, or as soon thereafter as possible..  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer.

8.8    Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL—SOURCE CODE" any pages printed by the Receiving Party and deliver them to the Receiving Party.  The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. No electronic copies of Source Code shall be made (including by way of example only, the Receiving Party may not scan the printed Source Code to a PDF or photograph the code).

8.9    The Receiving Party shall maintain a log of every page of source code that has been printed.  The log shall be made available to the Producing Party upon reasonable request.  Such log and any information from it shall be inadmissible in this Action except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

8.10    While nothing in this Protective Order prevents the Parties from including "Highly Confidential—Source Code" in court filings made under seal or from preparing exhibits including "Highly Confidential—Source Code" to be used in expert reports or at depositions, hearings, trial, mediation or other proceedings in this case, both Parties will include information designated "Highly Confidential—Source Code" in such materials only when and to the extent reasonably necessary for the furtherance of its claims and defenses in this case.  Copies of Source Code that

1    are marked as deposition exhibits shall not be provided to the court reporter or attached to

2    deposition transcripts; rather, the deposition record will identify the exhibit by its production

3    numbers.  All paper copies of Source Code brought to a deposition shall be securely destroyed in a

4    timely manner following the deposition.

5         8.11    The Receiving Party's Outside Counsel may make 5 additional paper copies of any

6    portions of the Source Code received from a Producing Party, not including copies attached to

7    court filings or used at depositions.   In the event that the Receiving Party believes there is a need

8    to make more than 5 paper copies, the Parties shall meet and confer regarding the need for such

9    copies.

10         8.12    The Receiving Party shall maintain a log of all paper copies of the source code that

11    it creates which are delivered by the Receiving Party to any qualified person under Section 8.1

12    above.  The log shall include the names of the reviewers and/or recipients of paper copies and

13    locations where the paper copies are stored.  Upon reasonable notice to the Receiving Party by the

14    Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. Such

15    log and any information from it shall be inadmissible in this Action except in connection with

16    proceedings before the Court regarding any alleged violations of this Protective Order.

17    9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

18    <u>LITIGATION</u>

19         If a Receiving Party is served with a subpoena or an order issued in other litigation that

20    would compel disclosure of any information or items designated in this Action as "Confidential,"

21    "Highly Confidential—Outside Attorneys' Eyes Only," or "Highly Confidential—Source Code,"

22    the Receiving Party must so notify the Designating Party, in writing promptly and in no event

23    more than five court days after receiving the subpoena or order. Such notification must include a

24    copy of the subpoena or court order.

25         The Receiving Party also must promptly inform in writing the Party who caused the

26    subpoena or order to issue in the other litigation that some or all the material covered by the

27    subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

28

STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

deliver a copy of this Protective Order promptly to the Party in the other Action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another Court.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    Any production of documents subject to the work product doctrine, the attorney-client privilege, the right of privacy, or any other applicable privilege, shall not constitute a waiver of the protection or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Designating Party discovers such materials have been produced.  After notification is received, the Receiving Party shall within 5 business days return to the Designating Party all copies of such documents or destroy them, and shall within 5 business days of notification confirm in writing that all such copies have been returned or destroyed.

11.2.    Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or protection claimed by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the privilege or protection claimed on the grounds that the privilege or protection was waived by production of the documents.

12.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

13.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who accesses another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of a technical nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the inventions claimed in the Patents-in-Suit, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising on, or otherwise affecting the scope or maintenance (other than paying maintenance fees) of patent claims, or proposing an amendment to a challenged claim. "Prosecution" as used in this paragraph, however, does not include representing a party

challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, or any other post-grant review proceeding) or defending the validity of a patent provided the patent owner does not seek to alter or amend the scope of the patent's claims.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

14.  <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this Action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

15.  <u>MISCELLANEOUS</u>

15.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

1   information or item on any ground not addressed in this Protective Order. Similarly, no Party

2   waives any right to object on any ground to use in evidence of any of the material covered by this

3   Protective Order.

4         15.3   <u>Discovery From Experts</u>.  Consistent with Federal Rules of Civil Procedure

5   26(b)(3)(A) and (B), testifying Experts or consultants shall not be subject to discovery of any draft

6   report or draft declaration in this Action or other cases and such draft reports or draft declarations,

7   and notes or outlines for draft reports or draft declarations, are also exempt from discovery.  No

8   discovery shall be taken from any Expert or consultant who is not designated under Federal Rules

9   of Civil Procedure 26(a)(2) or who does not provide a declaration or testimony in the Action

10   except (1) to the extent that Expert or consultant has provided information, opinions or other

11   materials to an Expert who is designated under Rule 26(a)(2) or who provides a declaration or

12   testimony in the Action, who then relies upon such information, opinions or other materials in

13   forming his or her opinions offered or to be offered in this Action; or (2) to the extent that Expert

14   or consultant provides information or opinions to the Court prior to that Expert's formal disclosure

15   pursuant to Rule 26(a)(2).  The parties further stipulate that an Expert or consultant's notes

16   prepared in connection with his or her work on the case shall not be discoverable.

17         No conversations or communications between Counsel and any Expert or consultant will

18   be subject to discovery unless the conversations or communications are relied upon by such

19   Expert or consultant in formulating opinions that are presented in reports or trial or deposition

20   testimony in this Action.  Drafts, communications and other information exempt from discovery

21   under this section shall be treated as attorney-work product for the purposes of this Action and

22   Protective Order and do not need to be logged.  Notwithstanding the foregoing, the Parties may

23   seek discovery of an Expert's engagement agreement, invoices submitted by the Expert, fees

24   charged by the Expert, and compensation received by the Expert.

25   ////

26   ////

27   ////

28

23   STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

1    All other materials and information that an Expert considered and/or relied upon will be

2    discoverable, to the extent otherwise permitted by Rule 26(a)(2).

3    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

4    Dated:  June 24, 2015

5                                              */s/ Barry J. Bumgardner*
                                              **BANYS, P.C.**
6                                              Christopher D. Banys (SBN 230038)
                                              cdb@banyspc.com
7                                              Jennifer Lu Gilbert (SBN 255820)
                                              jlg@banyspc.com
8                                              1032 Elwell Court, Suite 100
                                              Palo Alto, California 94303
9                                              [Tel.] (650) 308-8505
                                              [Fax](650)353-2202
10

11                                             **NELSON BUMGARDNER, P.C.**
                                              Edward R. Nelson, III *(Pro Hac Vice)*
12                                             ed@nelbum.com
                                              Brent Nelson Bumgardner *(Pro Hac Vice)*
13                                             brent@nelbum.com
                                              Barry J. Bumgardner *(Pro Hac Vice)*
14                                             barry@nelbum.com
                                              Thomas Christopher Cecil *(Pro Hac Vice)*
15                                             tom@nelbum.com
                                              Stacie Greskowiak McNulty *(Pro Hac Vice)*
16                                             stacie@nelbum.com
                                              3131 West 7th Street, Suite 300
17                                             Fort Worth, Texas 76107
                                              [Tel.] (817) 377-9111
18                                             [Fax] (817) 377-3485
19

20                                             Attorneys for Plaintiff
                                              PHOENIX DIGITAL SOLUTIONS LLC
21

22                                             */s/ Charles T. Hoge (with permission)*
                                              **KIRBY NOONAN LANCE & HOGE LLP**
23                                             Charles T. Hoge (SBN 110696)
                                              choge@knlh.com
24                                             350 Tenth Avenue, Suite 1300
                                              San Diego, California 92101
25                                             [Tel.] (619) 231-8666
26
                                              Attorneys for Plaintiff
27                                             PATRIOT SCIENTIFIC CORPORATION

28

STIPULATED PROTECTIVE ORDER
WEST\258998654.1                              Nos. 3:12-cv-03863, 03865, 03870, 03876,
                                              03877, 03880, 03881 (PSG)

1

*/s/ William L. Bretschneider (w/ permission)*
**SILICON VALLEY LAW GROUP**
William L. Bretschneider (SBN 144561)
wlb@svlg.com
50 W. San Fernando Street, Suite 750
San Jose, California 95113
[Tel.] (408) 573-5700
[Fax] (408)573-5701

Attorneys for Plaintiff
TECHNOLOGY PROPERTIES LIMITED
LLC

*/s/ David Eiseman*
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
David Eiseman (SBN 114758)
davideiseman@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-
4788
[Tel.] (415) 875-6600
[Fax](415)875-6700

Attorneys for Defendant
BARNES & NOBLE, INC.

*/s/  Timothy Bickham*
**STEPTOE & JOHNSON LLP**
William F. Abrams (SBN 88805)
wabrams@steptoe.com
1001 Page Mill Road
Suite 150, Building 4
Palo Alto, California 94304
[Tel.] (650) 687-9501
[Fax] (650) 687-9494

Timothy C. Bickham *(Pro Hac Vice)*
tbickman@steptoe.com
1330 Connecticut Avenue NW
Washington, DC 20036
[Tel.] (202) 429-5517
[Fax] (202) 429-3902

Attorneys for Defendants
HUAWEI TECHNOLOGIES CO., LTD.,
HUAWEI DEVICE CO., LTD., HUAWEI

25

STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

DEVICE USA INC., FUTUREWEI
TECHNOLOGIES, INC., HUAWEI
TECHNOLOGIES USA INC.,

/s/ Jennifer Seraphine
**TURNER BOYD LLP**
Joshya M. Masur (SBN 203510)
masur@turnerboyd.com
Jennifer Seraphine (SBN 245463)
Seraphine@turnerboyd.com
702 Marshall Street, Suite 640
Redwood City, California 94063
[Tel.] (650) 521-5930
[Fax] (650) 521-5931

Attorneys for Defendants
GARMIN INTERNATIONAL, INC., and
GARMIN USA, INC.

/s/ Charles McMahon
**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**
Scott R. Miller (SBN 112656)
SMiller@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
[Tel.] (213) 617-4177
[Fax] (213) 443-2817

**BRINKS GILSON & LIONE**
William H. Frankel *(Pro Hac Vice)*
wfrankel@brinksgilson.com
Robert S. Mallin *(Pro Hac Vice)*
rmallin@brinksgilson.com
*Hersh H. Mehta* (Pro Hac Vice)
hmehta@brinksgilson.com
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
[Tel.] (312) 321-4200
[Fax] (312) 321-4299

**McDERMOTT WILL & EMERY**
Charles M. McMahon *(Pro Hac Vice)*
cmcmahon@brinksgilson.com
227 West Monroe Street
Chicago, IL 60606
[Tel.] (312) 984-7641

26

STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

[Fax] (312) 984-7700

Attorneys for Defendants
ZTE CORPORATION and ZTE
(USA) INC.

*/s/ Aaron Wainscoat*
**DLA PIPER LLP (US)**
Mark D. Fowler (SBN 124235)
mark.fowler@dlapiper.com
Aaron Wainscoat (SBN 218337)
aaron.wainscoat@dlapiper.com
Erik R. Fuehrer (SBN 252578)
erik.fuehrer@dlapiper.com
2000 University Avenue
East Palo Alto, CA 94303
[Tel.] (650) 833-2000
[Fax] (650) 833-2001

James M. Heintz
jim.heintz@dlapiper.com *(Pro Hac Vice)*
11911 Freedom Dr.
Reston, VA 20190
[Tel.] (703) 733-4000
[Fax](703)733-5000

Robert C. Williams
robert.williams@dlapiper.com
401 B Street, Suite 1700
San Diego, California 92101
[Tel.] (619) 699-2700
[Fax] (619) 699-2701

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.
and SAMSUNG ELECTRONICS
AMERICA, INC.

*/s/ Wasif Qureshi*
**FISH & RICHARDSON P.C.**

Michael J. McKeon *(Pro Hac Vice)*
mckeon@fr.com
Christian A. Chu (SBN 218336)
chu@fr.com
Richard A. Sterba *(Pro Hac Vice)*
1425 K Street, NW, Suite 1100
Washington, DC 20005
[Tel.] (202) 783-5070

STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

1    [Fax] (202) 783-2331

2

3    Wasif Qureshi *(Pro Hac Vice)*
     qureshi@fr.com
4    1221 McKinney Street, Suite 2800
5    Houston, Texas 77010
     [Tel.] (713) 654-5300
6    [Fax](713)652-0109

7    Olga I. May (SBN 232012)
     omay@fr.com
8    12390 El Camino Real
9    San Diego, California 92130
     [Tel.] (858) 678-4745
10   [Fax] (858) 678-5099

11   Attorneys for Defendants
     LG ELECTRONICS, INC. and LG
12   ELECTRONICS U.S.A., INC.

13   */s/Matthew Brigham*
     **COOLEY LLP**
14   Matthew J. Brigham (SBN 191428)
15   mbrigham@cooley.com
     3175 Hanover Street
16   Palo Alto, California 94304-1130
     [Tel.] (650) 843-5000
17   [Fax] (650) 849-7400

18   Stephen R. Smith *(Pro Hac Vice)*
19   stephen.smith@cooley.com
     1299 Pennsylvania Ave., NW
20   Suite 700
     Washington, DC 20004
21   [Tel.] (703) 456-8000
22   [Fax](703)456-8100

23   Attorneys for Defendants
     NINTENDO CO., LTD. and NINTENDO OF
24   AMERICA, INC.

25

26

27

28

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    DATED: _____

4                                              _____
                                             HONORABLE PAUL SINGH GREWAL
                                             UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Hersh Mehta, am the ECF User whose ID and password are being used to file this Stipulated Protective Order.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories listed above have read and approved the filing of this Stipulated Protective Order.

Dated:  June 24, 2015

BRINKS GILSON & LIONE

By: */s/ Hersh Mehta*
Hersh Mehta
hmehta@brinksgilson.com
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
[Tel.] (312) 321-4200
[Fax] (312) 321-4299

Attorney for Defendants
ZTE Corporation and ZTE (USA) Inc.

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the

Northern District of California on [date] in the cases of *Technology Properties Ltd. LLC, et al. v.*

*Barnes & Noble, Inc.*, Case No. 3:12-CV-03863-VC (N.D. Cal.); *Technology Properties Ltd. LLC,*

*et al. v. Huawei Technologies Co., Ltd., et al.*, Case No. 2:12-CV-03865-VC-PDG (N.D. Cal.);

*Technology Properties Ltd. LLC, et al. v. Garmin Ltd., et al.*, Case No. 3:12-CV-03870-VC-PDG

(N.D. Cal.); *Technology Properties Ltd. LLC, et al. v. ZTE Corporation, et al.*, Case No. 3:12-CV-

03876-VC-PDG (N.D. Cal.); *Technology Properties Ltd. LLC, et al. v. Samsung Electronics Co.,*

*Ltd. et al.*, Case No. 3:12-CV-03877-VC-PDG (N.D. Cal.); *Technology Properties Ltd. LLC, et al.*

*v. Novatel Wireless, Inc.*, Case No. 3:12-CV-03879-VC-PDG (N.D. Cal.); *Technology Properties*

*Ltd. LLC, et al. v. LG Electronics, Inc., et al.*, Case No. 3:12-CV-03880-VC-PDG (N.D. Cal.); and

*Technology Properties Ltd. LLC, et al. v. Nintendo Co., Ltd., et al.*, Case No. 3:12-CV-03881-VC-

PDG (N.D. Cal.).  I agree to comply with and to be bound by all the terms of this Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

Further, to the extent I am provided with Plaintiffs' Infringement Contentions under this

Protective Order, I understand that the only portions of Plaintiffs' Infringement Contentions that

should be treated as "Confidential" are what Plaintiffs crafted themselves (i.e., any reverse-

engineering reports, etc.) as well as whatever works, notes, markings, highlighting, conclusions or

observations Plaintiffs added to their Infringement Contentions documents. Accordingly, the

publicly available information in Plaintiffs' Infringement Contentions, including a third party's

own information and data, need not be treated as "Confidential."

31     STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

1      I further agree to submit to the jurisdiction of the United States District Court for the

2  Northern District of California for the purpose of enforcing the terms of this Protective Order,

3  even if such enforcement proceedings occur after termination of this Action.

4

5  Date: _____

6  City and State where sworn and signed: _____

7  Printed name: _____

8                  [printed name]

9  Signature: _____

10                 [signature]

STIPULATED PROTECTIVE ORDER
Nos. 3:12-cv-03863, 03865, 03870, 03876,
03877, 03880, 03881 (PSG)

WEST\258998654.1